**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

**JANE DOE,**

**Plaintiff,**

**v.**

**NEW YORK UNIVERSITY,**

**Defendant.**

**Civil Action No. 1:26-cv-09523**

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION TO PROCEED UNDER A PSEUDONYM

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1
STATEMENT OF FACTS ........................................................................................................ 1
ARGUMENT ........................................................................................................ 1
I. Legal Standards ........................................................................................................ 1
A) The Second Circuit Balancing Test. ........................................................................................................ 1
II. Plaintiff's Interest in Remaining Anonymous Outweighs the Need for Public Disclosure.2
A) The Litigation Involves Matters That Are Highly Sensitive and of a Personal Nature. . 2
B) Identification of Plaintiff Would Pose a Risk of Retaliatory Physical or Mental Harm, and Would Result in Significant Harm to Plaintiff. ........................................................................................................ 5
C) Defendant Will Not Be Prejudiced by Allowing Plaintiff to Press Her Claims Anonymously. ........................................................................................................ 7
D) There is a Weak Public Interest in Knowing Plaintiff's Identity. ........................................................................................................ 7
E) The Plaintiff Has Sought to Keep Her Identity Confidential. ........................................................................................................ 9
F) There Are Minimal Alternative Mechanisms for Protecting the Confidentiality of the Plaintiff. ........................................................................................................ 9
CONCLUSION ........................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Doe No. 2 v. Kolko*,
242 F.R.D. 193 (E.D.N.Y. 2006) .......... 3, 5, 7, 8

*Doe v. Cabrera*,
301 F.R.D. 1 (D.D.C. 2014) .......... 4, 6, 8

*Doe v. City of Chicago*,
360 F.3d 667 (7th Cir. 2004) .......... 4

*Doe v. Colgate Univ.*,
No. 5:15-CV-1069 (LEK/DEP), 2016 WL 1448829 (N.D.N.Y. Apr. 12, 2016) .......... 5, 6, 7

*Doe v. Cruz*,
No. 24 CIV. 0989 (DEH), 2024 WL 1465928 (S.D.N.Y. Apr. 4, 2024) .......... 3

*Doe v. Del Rio*,
241 F.R.D. 154 (S.D.N.Y. 2006) .......... 9

*Doe v. D'Onofrio Gen. Contractors Corp.*,
2026 WL 1146030 (S.D.N.Y. Apr. 28, 2026) .......... 2, 3

*Doe v. Evans*,
202 F.R.D. 173 (E.D. Pa. 2001) .......... 3, 8

*Doe v. Gooding*,
2022 WL 1104750 (S.D.N.Y. Apr. 13, 2022) .......... 3

*Doe v. New York Univ.*,
6 Misc. 3d 866, 786 N.Y.S.2d 892 (Sup. Ct. 2004) .......... 5

*Doe v. Penzato*,
2011 WL 1833007 (N.D. Cal. May 13, 2011) .......... 3

*Doe v. Shakur*,
164 F.R.D. 359 (S.D.N.Y. 1996) .......... 4, 6

*Doe v. Western Am. Province of the Capuchin Franciscan Friars*,
2015 WL 8770017 (D. Or. Dec. 13, 2015) .......... 3

*Does I thru XXIII v. Advanced Textile Corp.*,
214 F.3d 1058 (9th Cir. 2000) .......... 7

*E.E.O.C. v. Spoa, LLC*,
2013 WL 5634337 (D. Md. Oct. 15, 2013) .......... 4, 6

*EW v. New York Blood Ctr.*,
213 F.R.D. 108 (E.D.N.Y. 2003) ........ 3

*Grottano v. the City of New York*,
2016 WL 2604803 (S.D.N.Y. Mar. 30, 2016) ........ 3

*Prasad v. Cornell Univ.*,
2016 WL 3212079 (N.D.N.Y. Feb. 24, 2016) ........ 3

*Roe v. Aware Woman Ctr. for Choice, Inc.*,
253 F.3d 678 (11th Cir. 2001) ........ 4

*Roe v. St. Louis Univ.*,
2009 WL 910738 (E.D. Mo. Apr. 2, 2009) ........ 4

*Rose v. Beaumont Indep. Sch. Dist.*,
240 F.R.D. 264 (E.D. Tex. 2007) ........ 4, 6

*Sealed Plaintiff v. Sealed Defendant*,
537 F.3d 185 (2d Cir. 2008) ........ 1, 9

*W.G.A. v. Priority Pharmacy, Inc.*,
184 F.R.D. 616 (E.D. Mo. 1999) ........ 4

**Statutes**

N.Y. Civil Rights Law § 50-b ........ 5

**Other Authorities**

McKinney's 1991 Session Law pp. 2211–2212 ........ 5

## INTRODUCTION

Plaintiff Jane Doe ("Plaintiff"), by her attorneys, Nesenoff & Miltenberg, LLP, hereby respectfully requests that this Court: (i) permit Plaintiff to proceed in the above-captioned matter by pseudonym; and (ii) issue a protective order precluding Defendant (and its agents, employees, and representatives) from disclosing Plaintiff's identity, through court filings or otherwise.

In light of the serious nature of the allegations contained in the Complaint, Plaintiff is justifiably concerned about the possibility of acts of reprisal that could further prevent her from proceeding with her future endeavors, and inflict further harm, the exact type from which Jane Doe seeks relief in this action. Plaintiff's identity, as described in the Complaint, should not be disclosed to the public due to the nature of the allegations in said Complaint and her status as a victim of intimate partner violence, domestic violence, and sexual assault. Plaintiff is prepared to provide a statement of her true identity under seal, upon the Court's request.

## STATEMENT OF FACTS

The complete facts underlying this litigation are set forth fully in Plaintiff's Complaint, filed simultaneously with the instant motion and incorporated herein by reference.

## ARGUMENT

### I. Legal Standards

#### A) The Second Circuit Balancing Test.

The Second Circuit has identified the relevant inquiry on a motion to proceed by pseudonym as "a balancing test that weighs the plaintiff's need for anonymity against countervailing interests in full disclosure." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (reversing district court's denial of plaintiff's motion to proceed by pseudonym, where plaintiff was suing state and municipal officers for sexual assault). In balancing these interests, the reviewing court looks to the following non-exhaustive factors:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (alterations in original) (internal quotations and citations omitted). *See also*, *Doe v. D'Onofrio Gen. contractors Corp.*, 2026 WL 1146030, at *1 (S.D.N.Y. Apr. 28, 2026).

When the factors favoring non-disclosure outweigh the factors favoring public access, the reviewing court should grant the plaintiff's motion to proceed by pseudonym. As explained in further detail below, an evaluation of the relevant factors in this case militates in favor of permitting Plaintiff to proceed pseudonymously.

## II. <u>Plaintiff's Interest in Remaining Anonymous Outweighs the Need for Public Disclosure</u>.

### A) The Litigation Involves Matters That Are Highly Sensitive and of a Personal Nature.

Plaintiff should be permitted to proceed under a pseudonym given the highly sensitive and personal nature of this litigation and the facts and circumstances underlying her claims.

Plaintiff does not merely contend that the revelation of her name would result in embarrassment or public humiliation. Rather, Plaintiff notes the highly sensitive nature and privacy issues that could be involved with herself as a victim of sexual assault and dating violence.

"[I]n lawsuits centering around sexual activity and behavior, a plaintiff is entitled to proceed under a pseudonym where revealing the plaintiff's name subjects him or her to the risk of public disapproval, harassment, or bodily harm." *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) (granting plaintiff pseudonym status where she contracted a hepatitis B infection). Indeed, "sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity." *Doe v. Cruz*, No. 24 CIV. 0989 (DEH), 2024 WL 1465928, at *2 (S.D.N.Y. Apr. 4, 2024) (granting pseudonym status to sexual assault victim as a result of the assault) (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006)); *Doe v. D'Onofrio Gen. Contractors Corp.*, 2026 WL 1146030, at *2 (S.D.N.Y. Apr. 28, 2026).

Moreover, courts around the country have permitted victims of sexual assault and dating violence to proceed anonymously. *See, e.g., Doe No. 2 v. Kolko*, 242 F.R.D. 193 (E.D.N.Y. 2006); *Doe v. Cruz*, 2024 WL 1465928, at *2 (S.D.N.Y. Apr. 4, 2024) (granting pseudonym status to victim of sexual assault, holding "mandating disclosure in these circumstances would be counter to the public interest, as it would 'chill' potential action by 'others who face discrimination based on their highly stigmatized characteristics from seeking judicial relief.'"); *Grottano v. the City of New York*, 2016 WL 2604803 (S.D.N.Y. Mar. 30, 2016); *Prasad v. Cornell Univ.*, 2016 WL 3212079 (N.D.N.Y. Feb. 24, 2016) (permitting identification of alleged victim of sexual assault as "Jane Doe" during proceedings); *Doe v. Gooding*, 2022 WL 1104750, at *7 (S.D.N.Y. Apr. 13, 2022); *Doe v. Penzato*, 2011 WL 1833007 (N.D. Cal. May 13, 2011); *Doe v. Evans*, 202 F.R.D. 173 (E.D. Pa. 2001); *Doe v. Western Am. Province of the Capuchin Franciscan Friars*, 2015 WL

8770017 (D. Or. Dec. 13, 2015) (allowing the plaintiff to proceed as "Jane Doe" in light of the "accepted practices of the federal courts of the United States, allowing those who have been victims of sexual assault and/or who fear reprisals from the particular litigation to commence cases under assumed names"); *Doe v. Cabrera*, 301 F.R.D. 1 (D.D.C. 2014) (allowing victim of sexual assault to proceed as a "Jane Doe" plaintiff); *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001) (abortion); *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999) (HIV infection); *Roe v. St. Louis Univ*., 2009 WL 910738 (E.D. Mo. Apr. 2, 2009) (allowing rape victim plaintiff to use a pseudonym because plaintiff's privacy interest outweighed the public's right to access judicial records); *E.E.O.C. v. Spoa, LLC*, 2013 WL 5634337 (D. Md. Oct. 15, 2013) (finding that "sexual assault" is a "highly sensitive and personal matter"); *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) (in denying the right to proceed anonymously, court emphasized the fact that the plaintiff was "not a minor, a rape or torture victim, a closeted homosexual, or ... a likely target of retaliation by people who would learn her identity only from a judicial opinion or other court filing") (emphasis added).

Further, courts have recognized that allowing plaintiffs to proceed anonymously in similar situations is not merely a tactic to avoid inconsequential embarrassment or humiliation. Indeed, courts have underscored that the forcing of plaintiffs who have been victims of sexual assault would result in not only further embarrassment, but could result in further victimization and loss of dignity, resulting in more harm than good. *See Doe v. Cabrera*, 301 F.R.D. 1, at *5, n. 6 (D.D.C. 2014); *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y.1996); *Rose v. Beaumont Indep. Sch. Dist*., 240 F.R.D. 264,267 (E.D.Tex. 2007).

Many states, including New York, have even enacted laws to protect the anonymity of sexual assault victims. *See* N.Y. Civil Rights Law § 50-b. In enacting this law, former governor of New York, Mario Cuomo, stated:

> sexual assault victims have unfortunately had to endure a terrible invasion of their physical privacy. They have a right to expect that this violation will not be compounded by a further invasion of their privacy. All too often identifying the victim results in a public recounting of the details of the crime. The release of such identifying information does not serve the interest of justice. Indeed, it does a gross disservice to both the victim and the public. Concerns pertaining to privacy sometimes result in a victim failing to report a sexual offense. In its final report, the Governor's Task Force on Rape and Sexual Assault documented that sexual offenses are vastly underreported. Undoubtedly, there is even less incentive for a victim to report the sexual assault if his or her identity may become public. McKinney's 1991 Session Law pp. 2211–2212; *see also Doe v. New York Univ.*, 6 Misc. 3d 866, 880, 786 N.Y.S.2d 892, 903 (Sup. Ct. 2004) (analyzing quote while granting pseudonym status to sexual assault victims);

*Doe No. 2 v. Kolko*, 242 F.R.D. at 196 (same).

Identification of Plaintiff's true name would necessarily and irrevocably eviscerate any protection afforded Plaintiff against the very harms sought to be remedied in this action. In line with the precedent cited herein, Plaintiff should be permitted to proceed anonymously due to the highly sensitive and personal nature associated with her status as a victim and the nature of the underlying claims.

### B) Identification of Plaintiff Would Pose a Risk of Retaliatory Physical or Mental Harm, and Would Result in Significant Harm to Plaintiff.

Plaintiff should be permitted to proceed anonymously in this matter as the revelation of her identity would result in significant harm, the exact type which she seeks to remedy by the commencement of this lawsuit. *See Doe v. Colgate Univ.*, No. 5:15-CV-1069 (LEK/DEP), 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) ("[s]hould Plaintiff prevail in providing that the charges against him were unfounded and the procedures Defendants followed in their investigation

were unfair, forcing Plaintiff to reveal his identity would further exacerbate the emotional and reputational injuries he alleges.”).

Courts have repeatedly recognized that the disclosure of the names of victims of sexual violence makes such individuals susceptible to added ridicule, stigmatization, and further mental and emotional harm. *See e.g., Doe v. Cabrera*, 301 F.R.D. 1, at *5, n. 6 (D.D.C. 2014); *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y.1996); *Rose v. Beaumont Indep. Sch. Dist*., 240 F.R.D. 264, 267 (E.D.Tex. 2007); *E.E.O.C. v. Spoa, LLC*, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013) (finding that ordering the plaintiff to proceed under her own name “poses needless risk of mental harm” and further finding that “[i]t is not simply that Doe may face embarrassment from ... widespread disclosure ... but rather she may face psychological harm from having this sensitive experience made permanently available to anyone with Internet access”).

Here, Plaintiff seeks redress for, among other things, the tremendous emotional harm she suffered as a result of Defendant’s gross mishandling of her report of her intimate partner violence, domestic violence, and sexual assault by a fellow student at NYU. To force Plaintiff to reveal her identity would not merely fail to remedy the already present emotional wound Jane Doe hopes to heal, but would leave Jane Doe vulnerable to further harm. In other words, forcing Plaintiff to reveal her identity would not further any aspect of the litigation but would “instead pose[] a risk that [she] would be subject to unnecessary ridicule and attention.” *Doe v. Colgate Univ*., 2016 WL 1448829, at *3.

Based on the foregoing, Plaintiff should be permitted to proceed anonymously, as requiring her to reveal her identity would result in significant harm, including the exact damages Plaintiff seeks to remedy in this matter; namely, physical, psychological, emotional and reputational damages, economic injuries and the loss of educational and career opportunities.

**C) Defendant Will Not Be Prejudiced by Allowing Plaintiff to Press Her Claims Anonymously.**

Permitting Plaintiff to appear in this matter by pseudonym and precluding Defendant from revealing her identity in court filings or otherwise will not "prejudice[] the opposing party's ability to litigate the case." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000).

In the instant case, Defendant is aware of Plaintiff's identity. As such, Defendant is perfectly able to defend this case, as it may gather relevant evidence, conduct discovery, and formulate defenses just as it would if Plaintiff were to proceed under her own name. Thus, "[o]ther than the need to make redactions and take measures not to disclose plaintiff's identity, defendant[] will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006); *Doe v. Colgate Univ.,* 2016 WL 1448829, at *3 ("The Court further finds that Defendants will not be prejudiced by allowing Plaintiff to proceed anonymously Defendants are aware of Plaintiff's true identity and will have an uninhibited opportunity to litigate this matter regardless of whether Plaintiff's identity is disclosed publicly.").

Accordingly, Plaintiff should be permitted to proceed anonymously in this action as revealing her name will cause significant prejudice to Jane Doe, while proceeding anonymously will not hinder Defendant in any way.

**D) There is a Weak Public Interest in Knowing Plaintiff's Identity.**

Plaintiff should also be permitted to proceed in this action anonymously as the public does not have a strong interest in knowing her identity. Considering the purely legal nature of the claims presented (i.e., Defendant's alleged violation of her civil rights, constitutional, and statutory rights by virtue of failing to timely, adequately, and objectively investigate Plaintiff's Title IX complaints

and follow its internal policies and procedures), there is a weak public interest in learning Plaintiff's identity. Rather, the reality is quite the opposite.

As the Second Circuit has recognized, "the public generally has a strong interest in **protecting** the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195-96 (E.D.N.Y. 2006) (emphasis added); *Doe v. Evans*, 202 F.R.D. 173 (E.D. Pa. 2001) (finding that "the public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights…").

There is simply nothing about Plaintiff's status that would heighten any public interest beyond the normal public interest in any judicial proceedings sufficient to outweigh her right to privacy. Allowing Plaintiff to proceed anonymously will not significantly obstruct the public's interest in this matter. Accordingly, there is not a strong public interest in knowing her identity as an individual.

Moreover, the public's knowledge will only be minimally restricted, as it will still know what is alleged to have occurred. Allowing Plaintiff to proceed anonymously will not significantly obstruct the public's interest in this matter. To the contrary, forcing Plaintiff to reveal her identity could have a potential chilling effect on other similarly situated future plaintiffs, a result widely recognized by federal courts across the nation. *See, e.g., Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195-96 (E.D.N.Y. 2006); *Doe v. Cabrera*, 301 F.R.D. 1, at *6-8, n. 9 (D.D.C. 2014) ("[t]his Court agrees that *unnecessarily* compelling victims of alleged sexual assault to reveal their identities in a case could set forth precedent that has the unintended consequence of discouraging similarly situated victims in the future from reporting sexual assault crimes"); *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (emphasis added) (finding that "the public has an interest in protecting

the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights…”).

Based on the foregoing, in consideration of the balancing of relevant factors, the Court should allow Plaintiff to employ a pseudonym in this matter. The interests of Defendant and/or the public will not be harmed at this early stage of the case if her name is not revealed. Plaintiff’s attorneys are prepared to address measures to protect the confidentiality of her identity should the Court require disclosure to the public at a later stage in the proceedings.

**E) The Plaintiff Has Sought to Keep Her Identity Confidential.**

“The extent to which the plaintiff's identity has been kept confidential may . . . affect the weight of the privacy interest,” because the plaintiff's interest in anonymity throughout the litigation is stronger where she has sought to protect her anonymity prior to the litigation. *Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006). In the instant case, Plaintiff has done everything in her power to keep this matter confidential. The only people to whom Plaintiff has disclosed this matter include her immediate family, her legal counsel, and her medical providers who have treated Plaintiff, and continue to do so, for effects and injuries stemming from her prior abuse and Defendant’s handling of same.

Thus, Plaintiff has done everything in her power to maintain her anonymity, and this factor weighs in favor of non-disclosure.

**F) There Are Minimal Alternative Mechanisms for Protecting the Confidentiality of the Plaintiff.**

The final factor for this Court’s consideration is whether there are alternative mechanisms for protecting Plaintiff’s confidentiality. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d at 190. In the instant case, the only alternative method would be to seal the entirety of this action; however,

doing so would provide even less public access than Plaintiff's proposal of simply protecting the identity of Plaintiff. Thus, this factor weighs in favor of non-disclosure.

## CONCLUSION

For these reasons and such other reasons as may appear just to the Court, Plaintiff respectfully requests that her Motion to Proceed Under a Pseudonym and for Protective Order be granted in its entirety.

**Dated: New York, New York**
**October 30, 2026**

**Respectfully submitted,**

**NESENOFF & MILTENBERG, LLP**

**By: *_/s/ Andrew T. Miltenberg_***
**Andrew T. Miltenberg, Esq.**
**Gabrielle M. Vinci, Esq.**
**363 Seventh Avenue, 5th Floor**
**New York, New York 10001**
**(212) 736-4500**
**amiltenberg@nmllplaw.com**
**gvinci@nmllplaw.com**